Estate of Mary M. Reed, Deceased, the United States National Bank of Omaha, Nebraska, Executor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 12485. Promulgated March 29, 1948.

*Edgar M. Morsman, 3rd, Esq.*, for the petitioner.
*George E. Gibson, Esq.*, for the respondent.

#### OPINION.

Leech, *Judge:* This proceeding involves a deficiency in Federal estate tax in the amount of $112,739.59. The issue presented is whether the value of the corpus of a certain trust deed, executed January 28, 1893, is includible in the decedent's gross estate. All the facts have been stipulated and are found accordingly. We set forth only those facts necessary to an understanding of the questions submitted.

The decedent, Mary M. Reed, sometimes referred to as Mary Melissa Reed, was born in 1846, and died testate in the city of Omaha, Nebraska, on March 5, 1943. The petitioner, the United States National Bank of Omaha, Nebraska, is the duly qualified executor of the decedent's estate and filed the Federal estate tax return with the collector of internal revenue at Omaha, Nebraska. Byron Reed, husband of the decedent, died testate on June 6, 1891, a resident of Douglas County, Nebraska, leaving an estate which was appraised at $1,810,-385.97. Byron Reed was survived by his widow, the decedent, a daughter, Maria Johnson, and a son, Abraham L. Reed. The latter was appointed executor of his estate.

The will of Byron Reed was allowed in the County Court of Douglas County, Nebraska, on June 17, 1891. It contained various provisions for the benefit of his widow and children. Paragraph "Eighth" contained, *inter alia*, the following provision:

* * * All the foregoing gifts, legacies, bequests and devises are to take effect only on condition that my wife, Mary Melissa, shall accept the provisions herein made for her benefit in lieu of all the interest in my estate which would descend to her by operation of law in case I should die intestate but if my wife is not legally bound to accept the provisions herein made for her benefit in lieu of all other interest in my estate or if she will not voluntarily so accept them, then it is my will that all the foregoing gifts, legacies, bequests and devises shall be void and all my property real, personal and mixed shall pass to my heirs at law in the same manner and proportion as if I had died intestate.

On June 17, 1891, the decedent filed in the County Court of Douglas County, Nebraska, in the matter of the estate of Byron Reed, a notice as follows:

To G. W. Shields, Judge of the County Court of Douglas County, Nebraska, Abraham L. Reed, Executor of the Estate of Byron Reed, late of the City of Omaha, Douglas County, Nebraska, now deceased, and all others whom it doth or may concern, notice is hereby given.

That in the matter of the estate of said Byron Reed deceased the undersigned Mary Melissa Reed, who is the widow of said deceased, having notice of his will lately filed and this day admitted to probate in said Court, and being fully advised of the contents thereof, and of the provisions and bequests therein made to herself and others, refuses to give her consent thereto, and hereby expressly declines each and every one of the bequests made to herself therein. Also that she will and hereby does claim and will insist upon securing her full share of said estate, viz: an undivided one-third thereof both personal and real, in her own right absolutely, together with such allowances for her support during the time occupied in the settlement of said estate as the same are given to the widows of intestate deceased persons under the laws of Nebraska.

On July 19, 1892, the County Court of Douglas County, Nebraska, entered a decree in the probate proceedings in the estate of Byron Reed, deceased, which contained, *inter alia*, the following:

Fifth: That as a matter of law the said Mary Melissa Reed was not bound to accept the provisions of said will, and that she is entitled to her full distributive share in the estate of said deceased, being one-third in fee simple title of all the realty, and one third in absolute title of all the personalty subject only to the lawful debts of said deceased.

Sixth: That Abraham L. Reed and Maria Johnson, as children and heirs at law of said Byron Reed, deceased, are each entitled to a one-third, undivided interest in the estate of said deceased, being one-third in absolute fee simple title of all the realty, and one-third in absolute title of the personalty, subject only to the lawful debts of said deceased.

* * * * * * *

To all of which findings of law, and to the order and decree of Court, said Abraham L. Reed, executor, and Abraham L. Reed and Maria Johnson, children of Byron Reed, deceased, and said Mary Melissa Reed duly except, and pray an appeal therefrom to the District Court of Douglas County, Nebraska, which is allowed.

Abraham L. Reed, as executor, and individually, and Maria Johnson perfected an appeal from such decree to the District Court of Douglas County, Nebraska. While the appeal was pending, the decedent, Abraham L. Reed, and Maria Johnson entered into an agreement, as follows:

WITNESSETH: That whereas certain disagreements have arisen between the said parties concerning the division of the Estate of Byron Reed, deceased, and

WHEREAS, by agreement and consent there was entered in the County Court of Douglas County, Nebraska, a decree fixing the rights of the parties hereto in said estate to be as follows, namely:

One-third to Mary Melissa Reed, one-third to Maria Reed Johnson, and one-third to Abraham L. Reed, but saving and reserving to each and all the parties thereto the right of appeal from such decision, and

WHEREAS, it is the desire of the parties hereto to avoid further litigation or dispute: now it is agreed by and between the parties hereto that neither of said parties shall appeal from such decision, but that such decision shall stand as now made, each of said parties, to-wit: Mary Melissa Reed, Maria Reed Johnson and Abraham L. Reed to receive a third of said estate.

The said Mary Melissa Reed, in consideration of the premises, agrees and declares that she will presently select three trustees, and by proper instrument place in their hands the said one-third of said estate belonging to her, to be by said Trustees invested in good, safe, secure interest bearing securities as soon as the same may be conveniently and satisfactorily converted into such securities and without loss; which said trusteeship shall be passed by successors duly appointed forever.

The income from which fund shall be paid as the said Mary Melissa Reed shall direct during her life time, and shall thereafter be by the said Trustees paid from time to time to such of the family of the said Mary Melissa Reed as she may by her will direct to them and their heirs forever, together with such reasonable and proper charitable and beneficial bequests as the said Mary Melissa Reed may in her said will name and appoint. But it is expressly understood and agreed that the said Mary Melissa Reed shall reserve from said declaration of trust and conveyance the sum of One Hundred Thousand ($100,000) Dollars out of her said portion for herself, free from the provisions and terms of said trust.

In pursuance of such agreement, the decedent executed a trust deed, dated January 28, 1893, which contains the following pertinent provisions:

That Whereas, on the 19th day of July, 1892, a decree was rendered in the county court of Douglas County, Nebraska, in the Matter of the Estate of Byron Reed, Deceased, which decree determined the interests of Mary Melissa Reed, the widow, and Abraham L. Reed and Maria Johnson, the children of said deceased, in his estate to be as follows, viz.: That the said Mary Melissa Reed was entitled to one third thereof in absolute title, and the said Abraham L. Reed was entitled to one-third thereof in absolute title, and the said Maria Johnson was entitled to one-third thereof in absolute title; saving, however, to each and all of said persons the right of appeal from said decree.

Now, in order to avoid further litigation and to effect an amicable settlement of said estate, in consideration that the said decree shall be allowed to stand as final, and that no appeal shall be taken therefrom, nor the validity of said decree be in any manner questioned, and in consideration of the sum of Two Dollars

in hand paid, the said Mary Melissa Reed, widow of Byron Reed, deceased, does hereby give, grant, convey and confirm unto Julius A. Perkins, William Wallace and Richard S. Hall, their successors and assigns forever, all of the undivided one-third interest in the estate of Byron Reed, deceased, awarded to her by the decree aforesaid, being all her right, title and interest, in the estate of said Byron Reed, deceased, as shown by the inventory filed in the Probate Court of Douglas County, Nebraska, as well as in all other property, if any, belonging to said deceased that may have been omitted from said inventory, and all her interest in the proceeds of said estate resulting from sales, exchanges or otherwise; it being intended to include in this conveyance all the property both real and personal, and all the rights, equitable interests and choses in action which have come to the said Mary Melissa Reed as widow of Byron Reed, deceased, and of which she was ever seized or possessed or entitled to by virtue thereof.

* * * * * * *

IN TRUST, HOWEVER, for the following uses and purposes, to-wit: That the said grantees in trust shall as soon as can be done conveniently and without loss, convert said property into good, safe, interest bearing securities of which an amount equal in value to one hundred thousand dollars shall be turned over and delivered to Mary Melissa Reed, her heirs and assigns forever, as her own property absolutely and without restriction of any kind or nature.

The remaining securities and all the property herein conveyed and the proceeds thereof shall be held by the said grantees in trust for the use and benefit of said Mary ·Melissa Reed during her life time, and the net income of said property accruing during the life time of said Mary Melissa Reed shall be hers absolutely and may be disposed of by her either by will or otherwise as she may elect.

Upon the death of said Mary Melissa Reed the securities remaining in the hands of said Trustees, together with all the property held by them under this conveyance and the proceeds thereof (except the net income during the life time of Mary Melissa Reed, as above stated) shall be held by said Trustees for the use and benefit of such of the lineal descendants of Mary Melissa Reed and Byron Reed, deceased, as she may by her will designate, and the net income therefrom shall be paid to the said lineal descendants so designated, their heirs and assigns forever. In case of the failure of the said Mary Melissa Reed to designate and appoint by her duly executed will some one or other of the lineal descendants of herself and Byron Reed, deceased, as the beneficiaries of the property herein conveyed in trust, then said property and ̄the proceeds thereof (except the net income during the life of Mary Melissa Reed, as above stated) shall be held by said Trustees for the use and benefit of the children of Mary Melissa Reed and Byron Reed, deceased, in equal proportions, their heirs and assigns forever.

Provided that the said Mary Melissa Reed shall have the right by her duly executed will to make reasonable and proper bequests for charitable purposes to be paid out of the principal securities remaining in the hands of said Trustees at her death.

In accordance with the provisions of said trust deed, the trustees paid over to the decedent the sum of $100,000 from the principal of the trust estate prior to the year 1912.

On August 2, 1894, upon the petition of Abraham L. Reed, executor of the estate of Byron Reed, deceased, a decree of final account was entered, which provides, in part, as follows:

And the Court further finds that by a certain decree heretofore rendered in the above entitled cause, to-wit: on the 19th day of July, 1892, it was adjudged that Mary M. Reed, widow, and Abraham L. Reed and Maria Johnson, children of said deceased, were each entitled to one-third of the estate of said deceased, and that a settlement has been made among said persons on the basis of said decree, and by the terms of said settlement the said Mary M. Reed has conveyed the one-third interest in said estate belonging to her to Julius A. Perkins, William Wallace and R. S. Hall, Trustees, to be held by them under the terms of her said deed of conveyance dated January 28th, 1893.

It is therefore ordered and adjudged by the Court:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

That the said Abraham L. Reed is ordered to pay the Court costs herein, and that he then pay over and deliver to the persons entitled to receive the same all money and other items of personal property remaining in his hands, to-wit:

> To Abraham L. Reed one-third thereof,
>
> To Maria Johnson one-third thereof,
>
> To Julius A. Perkins, William Wallace and R. S. Hall, Trustees, for the interest of Mary M. Reed, one-third thereof.

Said shares to be received by said persons in lieu of all claims, rights or interests which they, or any of them, might have in or to the personal estate of said deceased, including dower interests and claims for widow's allowance; but this decree shall not be to the prejudice of any rights of the respective parties hereto under the settlement and trust deed executed in pursuance thereof.

On October 10, 1894, Abraham L. Reed and Maria Johnson dismissed their appeal from the decree of the county court entered July 19, 1892.

The will of the decedent was allowed in the County Court of Douglas County, Nebraska. In such will the decedent did not designate any of the 12 descendants of herself and Byron Reed, deceased, as beneficiaries of the trust deed of January 28, 1893, nor did she make any bequests for charitable purposes to be paid out of the trust principal.

The value of the trust corpus on the date of decedent's death was $344,900.18, which amount the respondent included in decedent's gross estate.

On June 10, 1943, upon the application of the successor trustee of the trust deed of January 28, 1893, the District Court of Douglas County, Nebraska, entered a decree ordering the trustee to convey the entire trust property to Abraham L. Reed and Maria Johnson as tenants in common in equal shares, and discharging the trustee.

The deed of trust dated January 28, 1893, was not made in contemplation of death.

The sole issue is whether the corpus of a certain trust deed executed by the decedent is includible in her gross estate. It is stipulated that the transfer was not made in contemplation of death. The respondent contends the corpus of such trust is includible under section 811 (d) (2) of the Internal Revenue Code. So far as material, that section provides for the inclusion in gross estate of the value, at decedent's death, of any property to the extent of any interest therein of which the

decedent has, on or prior to June 22, 1936, made a transfer in trust or otherwise, where the enjoyment thereof is subject, at the decedent's death, to any change through the exercise of a power, by decedent alone, to alter, amend, or revoke, except in a case of a bona fide sale for an adequate and full consideration in money or money's worth.

Petitioner's primary contention is that decedent had nothing to transfer. This argument is predicated upon the ground that the decree of the county court entered July 19, 1892, adjudging that the decedent was entitled to a one-third interest in the real and personal property of her deceased husband's estate, was void since it was based upon the then law of Nebraska known as the "Baker Decedent Act," which the Supreme Court of that state later held to be unconstitutional. Assuming the decree was invalid, we think that fact is unimportant here. The record shows that decedent and the two children, who were beneficiaries under the will of Byron Reed, deceased, duly excepted from such decree and prayed an appeal therefrom; that to avoid further litigation the parties entered into an agreement to the effect that neither of the parties would appeal and that "each of said parties, to-wit: Mary Melissa Reed, Maria Reed Johnson and Abraham L. Reed [were] to receive a third of said estate."

The decedent and her two children by their contract fixed their respective interests in the estate of Byron Reed, deceased. They could legally so agree. Petitioner concedes the contract is valid. By such agreement the decedent became entitled to a one-third interest. That the decedent, under the terms of the agreement, received a greater interest than she was entitled to under the will of her deceased husband or the valid statutes of the State of Nebraska for the benefit of a widow, has no bearing upon the present issue. She had an interest which was subject to transfer. We find nothing in the decree of final account in the estate of Byron Reed, entered August 2, 1894, or in the decree of the district court, entered June 10, 1943, inconsistent with or contrary to the view we have expressed. Pursuant to the contract fixing the decedent's interest, she executed a trust deed, on January 28, 1893, to which she transferred her one-third interest in her husband's estate. This trust deed was duly administered according to its terms until decedent's death.

The issue we have to determine is whether the provisions contained in such trust deed require the corpus thereof to be included in decedent's gross estate for estate tax purposes. The pertinent provision of the trust deed provides, in substance, that upon the death of the decedent the trust property "shall be held by said Trustees for the use and benefit of such of the lineal descendants of Mary Melissa Reed and Byron Reed, deceased, as she may by her will designate, and the net income therefrom shall be paid to the said lineal descendants so

designated, their heirs and assigns forever." Does such provision constitute a power, exercisable by decedent alone, to alter, amend or revoke within the meaning of section 811 (d) (2) of the Internal Revenue Code? We think the query must be answered in the affirmative. It has been repeatedly held that the power to appoint by will the persons to whom the corpus of a trust should be distributed constitutes a power to alter, since the remainder interests of previously named beneficiaries may be changed or revoked. *Commissioner* v. *Chase National Bank*, 82 Fed. (2d) 157; certiorari denied, 299 U. S. 552; *Chickering* v. *Commissioner*, 118 Fed. (2d) 254; certiorari denied, 314 U. S. 636; *Holderness* v. *Commissioner*, 86 Fed. (2d) 137; *Fidelity-Philadelphia Trust Co., Trustee*, 34 B. T. A. 614; and many others of similar import. The fact that the decedent did not make any designation under the reserved power in her last will is of no moment. It is the existence of the power at death that subjects the trust estate to the taxing statute.

In the alternative, petitioner contends that the transfer in trust was a bona fide sale for adequate and full consideration in money or money's worth and falls within the exception contained in section 811 (d) (2). Petitioner's argument in support of this contention is not clear to us. Obviously, there was no sale involved in the agreement of settlement. The widow and her two children were in disagreement as to their respective interests in the estate of Byron Reed. Rather than litigate their claims to an ultimate conclusion, they chose to compromise and settle those differences. The consideration was their mutual exchange of promises. That the decedent secured greater benefits under the agreement than she might have received under a final decree adjudicating her rights does not concern us. Petitioner's alternative contention is without any merit.

Petitioner refers to the fact that the respondent has not claimed the trust estate is includible under section 811 (f) of the code. It is then argued that the power reserved in the trust deed is not a "power of appointment," as defined in section 811 (f), and, therefore, the trust estate is not includible under section 811 (d) (2). A somewhat similar contention was disapproved in *Trust Co. of Georgia* v. *Allen*, 164 Fed. (2d) 438; certiorari denied, 333 U. S. 843. If the reserved power is one to alter, amend, or revoke within the meaning of section 811 (d) (2), it is of no significance that it is not a power of appointment defined in section 811 (f).

Finally, petitioner contends that the inclusion of the trust estate in decedent's gross estate is forbidden by the Fifth Amendment to the Federal Constitution. On brief, petitioner states "This point is not argued, but is not waived." We find no substance in this contention. Cf. *Thorp's Estate* v. *Commissioner*, 164 Fed. (2d) 966; certiorari

denied, 333 U. S. 856. We conclude that the power reserved in the instant trust is one to alter, amend, or revoke, requiring the trust principal to be included in decedent's gross estate under section 811 (d) (2). The respondent's determination is sustained.

Since the petitioner may be entitled to credit for certain state estate, inheritance, legacy, or succession taxes,

*Decision will be entered under Rule 50.*